```
Julian Valdez-Aragon
Reg. No. 44733-048
Taft Correctional Institution
P.O. Box 7001
Taft, California 93268
```

In Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JULIAN VALDEZ-ARAGON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CASE NO: 2:10-CR-89-GMN-LRL <br> (§2255 proceeding) <br> **SECOND MOTION FOR EXTENSION OF TIME TO FILE A SECOND SUPPLEMENT AS ORDERED BY THE COURT, AND ORDER THEREON** |

On February 7, 2014, this Honorable Court authorized discovery Pursuant to Rule 6(a) Governing Section 2255 proceedings. Although the custodian of the record attempted to comply with the approved subpoena, prison regulation prevented the service. Now, Petitioner Julian Valdez-Aragon ("Petitioner"), who is litigating this case without counsel, hereby files the instant motions requesting (1) appointment of counsel for discovery process and (2) second request for extension of time to file the ordered second supplement in support of Petitioner's §2255 motion to vacate and correct his sentence pursuant to Title 28 U.S.C. Section 2255.

The motions are based upon the original petition, together with all of the papers, pleadings and Court Orders on file and the evidence and argument to be presented at the hearing the petitioner request on his ineffective assistance of counsel issue raised in the original petition for relief.

Dated this 7the day of April, 2014.

Respectfully submitted,

_/s/ Valdez A. Julian_
Julian Valdez-Aragon

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction and Relevant Facts

1. Petitioner Julian Valdez-Aragon ("Petitioner") is a prisoner proceeding in this Section 2255 action without counsel. Following its practice in this type of proceedings, after the government and petitioner filed their ordered response and reply, this Court considered and authorized Petitioner's request for discovery pursuant to Rule 6(a) Governing Section 2255 proceedings, and provided a blank subpoena to Petitioner which he used to obtain records from Las Vegas Metropolitan Police Department Forensic Laboratory ("LVMPD LAB"). This Court gave Petitioner until March 17, 2014 to file, after receiving the discovery sought, a Second Supplement to his pending Section 2255 petition. (Documents 84&85)

2. Due to an apparent reasonable delay in providing the discovery material by the LVMPD LAB, upon Petitioner's request, on March 19, 2014, this Court granted extension of time to file the ordered supplement until **Wednesday April 16, 2014.** (Document 87) On March 20, 2014, Petitioner received correspondence from the LVPMD LAB indicating the compliance of the subpoena-discovery. At the same time, however, the prison gave notice to Petitioner and the LVMPD LAB that unauthorized material, the "CD" containing the discovery in question, was returned without being forwarded to Petitioner. See Copies Attached ##1&2, respectively.

3. Petitioner then sent a letter to the LVMPD LAB notifying it that the "CD" containing the provided discovery was returned to them without being served, and also submitted a CP-006 (TCI Inmate Request to Staff) to the prison Warden, making him aware of the necessity of receiving the discovery material, and enquire whether there was another alternative to receiving. See Copies Attached ##3&4, respectively. On March 25, 2014, the Warden responded to

1

Petitioner's inquiry indicating that the "CD" should be sent (by the LVMPD LAB) "to someone on the outside such as family member or attorney." <u>See Copy Attached #5</u>. The problem is, however, that Petitioner has no one outside who can help him in this matter, and pursuant to the LVMPD Forensic Laboratory Receipt accompanying the discovery material, "Dissemination [of the discovery material] is restricted to the requesting party ONLY," and "Secondary Dissemination is PROHIBITED." (brackets added) <u>See Attached Copy #6</u>.

### B. <u>Reasons for the Appointment of Counsel for Discovery</u>

4. This case is a clear example of the perils that <u>pro se</u> prisoners suffer during discovery in 2255 proceedings. Here, Petitioner's pleadings in this case are far from being stylistically or grammatically perfect, and reveals the lack of legal training. Nevertheless, he did not previously ask the help of an attorney because he has attempted to be objective and honest as he knew he had no absolute right to the appointment of counsel at an earlier time in his Section 2255 proceedings. <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. §3006A authorizes the appointment of counsel at later time "if the interest of justice so require." See Rule 8(c) Governing 2254 and 2255 proceedings. Here, at this stage, such is the case.

5. Petitioner requested discovery process in this case because such discovery is relevant to the Court's determination of Petitioner's claim of ineffective assistance of counsel. Additionally, this Court authorized the requested discovery because Petitioner met the "good cause" standard of Rule 6(a) Governing Section 2255 cases. However, despite Petitioner's diligent efforts, he is now manifestly unequipped to continue with the discovery process and right to access to this Court. See <u>Lewis v. Casey</u>, 518 U.S. at 355 (1996):

//

2

> "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. **The tools it requires to provide are those that inmates need in order to attack their sentences, directly or collaterally ..."**

Here, the necessary tools are the discovery material (already granted but not yet received) and the appointment of counsel (which is, under the circumstances, required) to conduct the discovery process.

6. Petitioner is aware that although Rule 6(a) permits the appointment of counsel for the limited purpose of discovery, appointment of counsel is not necessary for the parties to conduct "effective" discovery. However, this is not the case where the circumstances just prevent "effective" discovery. Rather, in this case the circumstances prevent the "complete" exercise of discovery, and such circumstances are beyond Petitioner's control or due diligence. Here, the discovery involved in this case would develop facts sufficient to require an evidentiary hearing or, after following "expansion of the record" to include the discovered material, justify relief without a hearing. Moreover, although Rule 8 Governing Section 2255 proceedings provide for the appointment of counsel at the evidentiary hearing, that future possibility, however, would not assist Petitioner at this stage because it is now when the use of discovery will establish a prima facie case for the relief Petitioner seeks.

7. Finally, given the apparent close relationship that exists between the Government and the LVMPD Laboratory, and the obvious close relationship between Petitioner and the members of his family, without counsel, the accuracy and reliability of the information obtained from the CD by another person (other than an appointed counsel) would be subject to questions of impartiality. In this context, the LVMPD LAB's warning that dissemination of the discovery is restricted only to Petitioner (the requesting party) and the

3

1  dissemination to others "is prohibited," makes factual and legal sense and

2  reinforces the necessity of an appointed counsel for the discovery process.

3

4   C.  **A Second Extension to File the Ordered Second Supplement Is Necessary**

5       8.   On February 7, 2014, this Court authorized discovery pursuant Rule

6  6(a) Governing Section 2255 proceedings and ordered Petitioner to file a second

7  supplement to his §2255 petition <u>after</u> receiving the discovery material from

8  the LVMPD LAB.  (Document 84)  As described in detail in the first section of

9  this document, the LVMPD LAB complied with the discovery subpoena but due to

10 the prison's rules the material was returned to the senders without being

11 served to Petitioner.

12      9.   The due date to file the second supplement in question is **Wednesday,**

13 **April 16, 2014.**  Under the circumstances, without counsel, Petitioner is unable

14 to comply with the Court's Order in timely manner.  The extension is reasonable

15 because in the event that a counsel is appointed, or other appropriate solution

16 is ordered by this Court, additional time is reasonably necessary.

17      10.  WHEREFORE, in the interest of justice and good cause shown,

18 Petitioner Julian Valdez-Aragon respectfully asks this Honorable Court to GRANT

19 these two motions.

20

21 Respectfully submitted,

22 *Valdez A. Julian*
   Julian Valdez-Aragon

## ORDER

The Court has read Petitioner Julian Valdez-Aragon's Second Motion to Extend Time to File Second Supplement in support of his Motion (ECF No. 70) to Vacate Under 28 U.S.C. § 2255 re Order (ECF No. 87), and hereby grants Petitioner's Motion.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Julian Valdez-Aragon shall have through and including **Friday, May 16, 2014**, to file his Second Supplement in support of his Motion (ECF No. 70) to Vacate Under 28 U.S.C. 2255.

**DATED** this 15th day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

4

<u>VERIFICATION AND PROOF OF MAILING</u>

<u>VERIFICATION AND PROOF OF MAILING</u>

I, Julian Valdez Aragon, the petitioner in this action, hereby state under penalty of perjury that the facts contained in the foregoing combined motions "REQUESTING THE APPOINTMENT OF COUNSEL ... [**and,**] ... EXTENSION OF TIME TO FILE A SECOND SUPPLEMENT ..." are true and correct to the best of my knowledge, understanding and belief. I further declare under penalty of perjury that a true copy of said document was placed in the prison's mailbox on this 7th day of April, 2014, in a sealed first class postage prepaid envelope, properly addressed as follows:

Clerk's Office
Unites States District Court
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard So -Rm 1334
Las Vegas, Nevada 89101

and

Elizabeth Olson White
Assistant United States Attorney
100 West Liverty Suite 600
Reno, Nevada 89501

Executed on: April 7, 2014        By: /s/ Valdez J. Julign

//
//
//
//
//
//
//

5

Partners with the Community

#1

March 13, 2014

Julian Valdez-Aragon
Taft Correctional Institution

IN RESPONSE, PLEASE REPLY TO:
Heidi Eldridge, Forensic Scientist II
(702) 828-0175

RE: United States of America vs. Julian Valdez-Aragon
Case # 2:10-CR-89-GMN-LRL
Event # 100215-3558

Dear Mr. Valdez-Aragon:

The Las Vegas Metropolitan Police Department Forensic Laboratory is in receipt of a Subpoena and Court Order regarding United States of America vs. Julian Valdez-Aragon, case # 2:10-CR-89-GMN-LRL. The following addresses items requested:

*Copies of the logbook book and all the forensic reports for the analysis of the controlled substance seized in the above referred case, AKA Event Number 100215-3558, by Las Vegas Metropolitan Department Forensic Laboratory.*

A copy of the Controlled Substances case file was provided, including the report, notes and all other items contained in the case file. A copy of pertinent instrument and reagent logs was also provided.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Kim Murga, Lab Director

BY: Heidi Eldridge, Forensic Scientist II
Las Vegas Metropolitan Police Department
Forensic Laboratory
5605 W. Badura Ave. Ste 120B
Las Vegas, NV 89118
(702) 828-0175
FAX (702) 828-3948



BP-A0328  STAMPS, NEGOTIABLE INSTRUMENT & OTHER RETURNED TO SENDER CDFRM
APR 11

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU OF PRISONS**

| TO: (Sender - See Return Address)<br>LVMPD FORENSIC LAB<br>5605 W. BADURA AVE. STE 120B<br>LAS VEGAS, NV 89118-4705 | FROM: (Institution)<br>MTC/TAFT CORRECTIONAL INSTITUTION<br>1500 CADET ROAD<br>TAFT, CA 93268 | |
|---|---|---|
| INMATE'S NAME:<br>VALDEZ, JULIAN | REGISTER NUMBER:<br>44733-048 | DATE:<br>3/20/14 |

Check all that apply:

**Material Rejected and Returned**

Your correspondence has been examined and:

| | You enclosed stamps or stamped items that cannot be given to the inmate. |
|---|---|
| | You enclosed a negotiable instrument. Negotiable instruments are to be forwarded to the National Lockbox at the following address:<br>  Federal Bureau of Prisons<br>  [Insert Inmate Name]<br>  [Insert Inmate Register Number]<br>  Post Office Box 474701<br>  Des Moines, Iowa 50947-0001 |
| | You enclosed the following unauthorized material: |

| | | Stationary/Blank Greeting Cards |
|---|---|---|
| | | Plant Shavings |
| | | Sexually Explicit Personal Photos |
| | ✓ | Other (specify below) |

| The following material cannot be inspected without damage: | |
|---|---|

| | | Electronic Musical Greeting Card |
|---|---|---|
| | | Padded Card |
| | | Double Faced Polaroid Photos |
| | | Other (specify below) |

Your correspondence or letter has, however, been provided to the inmate with a copy of this notice.

**Package Refused and Returned**

The contents of your correspondence have **NOT** been examined, however it is being returned to you because:

| | The inmate has failed to obtain an authorized BP-331, Authorization to Receive Package or Property. |
|---|---|
| | The package has not been properly marked "Authorized by Bureau Policy" in accordance with Program Statement 5800.16, Mail Management Manual, or fails to reasonably indicate the package is authorized by Bureau policy. |
| | The inmate recipient could not be identified due to missing, incorrect, or an illegible name and/or register number. |

Specific Material Returned:
1 CD.



(Printed or Typed Name and Written Signature of Correctional Systems Officer)

A. PULIDO

Record Copy - Addressee (with material); Copy - Inmate; Copy - Mail Room File.
PDF  Prescribed by P5800  Replaces BP-328.058 of APR 94

#3

Julian Valdez-Aragon
Reg. No. 44733-048
Taft Correctional Institution
P.O. Box 7001
Taft, California 93268


March 22, 2014


Heidi Eldridge, Forensic Scientist II
Las Vegas Metropolitan Police Department
Forensic Laboratory
5605 W. Badura Ave. Ste 120B
Las Vegas, NV 89118


Re:  Your Correspondence dated March 13, 2014
     Case #2:10-CR-89-GMN-LRL
     Event #100215-3558

Dear Ms. Eldridge:

I received your correspondence dated March 13, 2014.  Please receive my most sincere gratitude for your attempt to comply with the subpoena and the Court's order concerning the referred event.  Unfortunately, as you are already aware, the prison sent back the information concerning the referred event because it was a "CD."  See attached copy.

I have addressed this matter to the Warden of the prison to find out of any other alternative to receive and review the information in question before addressing this matter to the Court.

I am very optimistic that the Warden or the Court will find a solution to proceed with the discovery process in this case, nevertheless, I found it necessary to offer my gratitude for your diligent effort.

Cordially,

*[signature]*
Julian Valdez-Aragon


Management
& Training
Corporation


#4

# TCI INMATE REQUEST TO STAFF

NAME: Julian Valdez-Aragon          REG #: 44733-048          DATE: 3/22/14

Work Assignment: Orderly          Unit / Bed: A1B 20L

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

TO: Mr. Michael Benov, Warden
(Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think should be done. (Give details)

Dear Warden:

    Complying with a court order, Las Vegas Metropolitan Police Department Forensic Laboratory attempted to provide documentation requested by subpoena. Please see attached copy. On March 20, 2014, the institution returned the information-material to the sender because it was a CD. I do understand that the prison must return the CD in question in light of its rules.

    I am not challenging or attempting to challenge the prison's policy in this matter, however, is there any other alternative to receive the information in question?. Thank you, and please receive my most sincere gratitude for your time and help in this matter.

*/s/ Julian A. Valdez*

DISPOSITION: (Do not write in this space)          DATE: _____

Officer: _____

[4-4016; 4-4098; 4-4180; 4-4271; 4-4272; 4-4303; 4-4410]

CP-006

#5



# MEMORANDUM

**Date:** March 25, 2014

**To:** Julian Valdez-Aragon
Reg. No. 44733-048
A06-020L

**From:** Michael L. Benov, Warden

**RE:** Response to Inmate Request To Staff

---

I have received your correspondence dated March 22, 2014, in which you inquired if there were any other alternatives to receive the documentation from the Las Vegas Metropolitan Police Department.

You may have the CD sent to someone on the outside such as a family member or attorney. They would then be able to access the information you need, print it off and mail it in.

AD-003

#6

# LVMPD FORENSIC LAB
# DOCUMENT RELEASE RECEIPT

Pursuant to a United States District Court Order dated February 10, 2014 from Gloria Navarro, Chief Judge, United States District Court, the documents and event numbers detailed below were released on March 13, 2014 by Heidi Eldridge, Forensic Scientist II to:

| (Print Name Legibly) | (Signature/Title) |
|---|---|
| Date: March 13, 2014 | Subject: Julian Valdez-Aragon |

| Event Number(s): (Main Event number bolded) | Documents: | Pages/ Number: |
|---|---|---|
| **100215-3558** | CD containing the Controlled Substances examination records of Jason Altnether, including:<br>• Copy of Report of Examination (1 page)<br>• Copy of examination case notes of Jason Altnether (26 pages)<br>• Copy of documentation regarding request for discovery (3 pages)<br>• 1 Photograph<br>• Instrument Maintenance and Test Logs and Reagent Logs (16 pages) | 1 CD |

**Dissemination is restricted to the requesting party ONLY.**
**Secondary dissemination is PROHIBITED.**

Mr. Valdez-Aragon,

Please sign this receipt and return it to us in the attached postage-paid envelope. This lets us know that you received the enclosed materials.

Thank you,

Heidi Eldridge