LEVENTHAL & ASSOCIATES
TODD M. LEVENTHAL, ESQ.
Nevada Bar No. 8543
California Bar No. 223577
626 S. Third Street
Las Vegas, Nevada 89101
leventhalandassociates@gmail.com
(702) 472-8686

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIAN VALDEZ-ARAGON.<br><br>Defendant. | Case No. 2:10-cr-0089-GMN-LRL<br><br>MOTION FOR LEAVE TO CONDUCT DISCOVERY<br><br>**AND ORDER** |

Defendant, Julian Valdez-Aragon (Mr. Valdez), moves this Court for an order permitting him to conduct discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Cases. This motion is based on the attached memorandum of points and authorities and the pleadings and papers on file in this matter.

**POINTS AND AUTHORITIES**

Mr. Valdez was convicted on September 21, 2011, of violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii): possession with intent to distribute methamphetamine. He was sentenced to 108 months in prison. Mr. Valdez plead guilty to this crime and did not go to trial. He appealed to the Ninth Circuit Court of Appeals and his conviction was affirmed. He did not file a petition for writ of certiorari to the United States Supreme Court.

Mr. Valdez then filed the instant § 2255 motion to vacate sentence alleging ineffective assistance of counsel. Mr. Valdez believes his counsel was ineffective for allowing this Court to impose sentence based on the dubious laboratory findings regarding the purity of the

1   methamphetamine found in his possession. As explained in that motion, "the Court imposed the
2   sentence based on the recommendation in the Presentence Investigation Report (PSR) by the
3   Probation office that the base level was 36, which it based on the "mixture substance" seized
4   from Mr. Valdez-Aragon's truck contained 671.85 gross grams of "pure" (actual)
5   methamphetamine. *See* PSR ¶ 20. If the base offense level calculation were based on the
6   *"mixture"* charged in the indictment, the base offense level would have been 32, with a
7   sentencing range of 63-78 months."

8   Mr. Valdez has diligently attempted to obtain the various laboratory reports, laboratory
9   bench notes and testing standards, as well as, information regarding the technicians who
10  processed the methamphetamine. Other than the documents previously filed with the Court, Mr.
11  Valdez's attempts have been rebuffed by the Clark County District Attorney's office (CR[1] 80 at
12  p. 13), representing the Las Vegas Metropolitan Police Department ("LVMPD") forensic
13  laboratory ("Lab"), advising Mr. Valdez to obtain a Court order.

14  Before requesting that Court Order, however, Mr. Valdez respectfully requests this Court
15  permit the issuance of the attached subpoena (Ex.1) for service upon the LVMPD Lab. This
16  request, as shown on its face, is limited to information which would be necessary to provide an
17  expert in this field in order to obtain an opinion regarding the "purity" of the methamphetamine
18  upon which his sentence was based. If this discovery is granted, Mr. Valdez may return to this
19  Court and request funds for an independent evaluation of the "mixture substance" should that
20  requested discovery indicate further testing is warranted.

21  While the decision whether to grant leave is within the discretion of the district court,
22  *Jones v. Wood,* 114 F.3d 1002, 1009 (9th Cir. 1997), "denial of an opportunity for discovery is an
23  abuse of discretion when the discovery is necessary to fully develop the facts of a claim." *Id.* at
24  1009, quoting *Teague v. Scott,* 60 F.3d 1167, 1172 (5th Cir. 1995); *accord Thomas v. Goldsmith,*
25  979 F.2d 746, 749-50 (9th Cir. 1992); *Toney v. Gammon,* 79 F.3d 693, 700 (8th Cir. 1996)
26  ("Where specific allegations before the court show reason to believe that the petitioner may, if

---

28  [1]Clerk's Record Number (docket sheet).

1  the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore
2  entitled to relief, it is the duty of the Court to provide the necessary facilities and procedures for
3  an adequate inquiry.")

4       A unanimous United States Supreme Court reaffirmed these principles in *Bracy v.*
5  *Gramley,* 520 U.S. 899 (1997). There, the court focused its analysis on the "good cause"
6  requirement of Rule 6, holding that petitioner had made a sufficient showing to justify discovery
7  on the claim of judicial bias. Bracy requires only the allegation of a constitutional claim, and the
8  articulation of a "theory" by which the evidence sought to be obtained could support the claim.
9  Here, Mr. Valdez has made allegations supported by the underlying information he was able to
10 obtain; he then went the further step required by *Bracy* and demonstrated how vindication of his
11 claim of error on the part of the LVMPD Lab would substantially lower his sentencing exposure.

12      The focus of the *Bracy* decision solely on the "good cause" requirement makes clear that
13 the possible existence of a procedural impediment, that could ultimately prevent the court from
14 granting relief, does not alter the availability of discovery. In *Bracy* itself, any facts developed
15 through federal discovery would have been unexhausted, *see Keeney v. Tamayo-Reyes,* 504 U.S.
16 1, 9-10 (1992), and it appears that the judicial bias claim itself was unexhausted. *See Bracy,* 520
17 U.S. at 902; *cf. United States ex rel Collins v. Wellborn,* 868 F.Supp. 950, 991 (N.D. Ill. 1994)
18 (indicating bias claim raised but not addressed in state court). The *Bracy* court did not impose
19 any requirement, based on potential procedural impediments to granting relief, on allowing
20 discovery other than the "good cause" requirement imposed by Rule 6(a) itself. *See Jones v.*
21 *Wood,* 114 F.3d at 1009-10 (allowing discovery on apparently unexhausted claim without
22 reference to exhaustion and without regard to potential availability of evidentiary hearing);
23 *McDaniel v. United States District Court* (Jones), 127 F.3d at 888 (relying solely on "good
24 cause" requirement of *Bracy*); *see also Calderon v. United States District Court* (Gordon), 107
25 F.3d 756, 761-762 (9th Cir. 1997) (authorizing federal payment of expenses for ancillary
26 services on claim during exhaustion proceedings in state court).

27      To be able to show his counsel's ineffective representation of him during his plea and the
28 subsequent unknowing and involuntary plea entered by Mr. Valdez, it is necessary to show that

1  his counsel purposely ignored a vital element of the agreement: The purity of the
2  methamphetamine affected the determination of Mr. Valdez's sentence. As it was initially
3  determined to be a "mixture," and then found by the LVMPD Lab to be "pure," further
4  investigation was required. Mr. Valdez's counsel elected to tell him only that it was something
5  that could not be challenged when, in fact, it could.

> In challenging a guilty plea for ineffective assistance of counsel, a defendant must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). "The long-standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985), quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Signori*, 844 F.2d at 638; *see Hill*, 474 U.S. at 56-57, *citing McMann v. Richardson*, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970).

*Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir. 1989).

In fact, Mr. Valdez's situation is one where, when counsel has had access to the required discovery, it will be appropriate for the Court to hold an evidentiary hearing to make a final determination.

> Where section 2255 motions have been based on alleged occurrences outside the record, we have often held that an evidentiary hearing was required. *E.g., United States v. Burrows,* 872 F.2d 915, 917 (9th Cir. 1989); *Marrow,* 772 F.2d at 527; *Mayes v. Pickett,* 537 F.2d 1080, 1083 (9th Cir. 1976), cert. denied, 431 U.S. 924, 53 L. Ed. 2d 238, 97 S. Ct. 2198 (1977). Indeed, an evidentiary hearing may be required in spite of "the barrier of the plea or sentencing procedure record [which], although imposing, is not invariably insurmountable." *Blackledge v. Allison,* 431 U.S. 63, 74, 52 L. Ed. 2d 136, 97 S. Ct. 1621 (1977) (footnote omitted).

*Id.* Further, the court in Shah stated, "Under section 2255, such a hearing must be granted "unless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255." *Id.*

///
///
///

4

**Conclusion.**

For all the foregoing considerations, Mr. Valdez respectfully requests this Court allow him the requested discovery, as shown in the attached subpoena and, if necessary, supported by an order of this Court.

Dated this 12th day of September, 2014.

Respectfully submitted,

Leventhal & Associates

/s/ Todd M. Leventhal
Todd M. Leventhal, Esq.
Nevada Bar No. 8543
California Bar No. 223577
626 S. Third Street
Las Vegas, Nevada 89101
leventhalandassociates@gmail.com
(702) 472-8686

**IT IS SO ORDERED.**

Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 11/04/2014**

# EXHIBIT 1

# EXHIBIT 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| UNITED STATES OF AMERICA, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:10-cr-0089-GMN-CWH |
| JULIAN VALDEZ-ARAGON, | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  Las Vegas Metropolitan Police Department Forensic Laboratory

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents and information, to include curriculum vitate of the laboratory personnel conducting the testing, reports, bench notes, testing results, and the policies and procedures for testing methamphetamine samples for purity in event number 100215-3558.

| Place: Leventhal & Associates<br>626 S. Third Street<br>Las Vegas, NV 89101 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                    *CLERK OF COURT*
                                                    OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Todd M. Leventhal, Esq.
   626 S. 3rd St., Las Vegas, NV 89101, (702) 472-8686   , who issues or requests this subpoena, are:
leventhalandassociates@gmail.com

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  2:10-cr-0089-GMN-CWH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Las Vegas Metropolitan Police Dept., Forensic Laboratory
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____  on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that (s)he is an employee in the office of the Leavitt and Associates and is a person of such age and discretion as to be competent to serve papers.

In accordance with the Federal Rules of Procedure, I certify that on this date, September 12, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I further certify that counsel for petitioner are registered and listed participants with CM/ECF system and that service of this pleading will be accomplished via the CM/ECF system.

Deputy Attorney General
555 W. Washington, #3900
Las Vegas, Nevada 89101
m.chu@ag.nv.gov

/s/ Maribel Godinez
Employee of Todd Leventhal & Associates